Filed 8/11/14  P. v. Starks CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C075386 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F864) |
| v. | |
| ANTHONY STEFON STARKS, | |
| Defendant and Appellant. | |

This case comes before us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which requires us to review the entire record on appeal to determine whether there are any issues that arguably might benefit defendant Anthony Stefon Starks. Finding one omission on the abstract of judgment, we shall direct a correction of the abstract and affirm the judgment.

1

We provide the following brief description of the procedural history of the case and the factual basis for defendant's plea. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## PROCEDURAL BACKGROUND

Defendant entered a negotiated plea whereby he pleaded no contest to two counts of second degree robbery (Pen. Code, §§ 211, 212.5—counts 1 & 2)[1] and admitted an enhancement for use of a firearm (§ 12022.5, subd. (a)) in exchange for a stipulated sentence of eight years in state prison.

Following the trial court's denial of defendant's motion to be released pending sentencing, he requested, and received, immediate sentencing (waiving referral to probation for a report). The court imposed the agreed upon an eight-year term—the midterm of three years for the robbery in count 1 plus four years for the firearm use, and an effective consecutive sentence of one year on count 2. The court granted defendant 301 days of presentence custody credit (262 actual, 39 conduct). (Pen. Code, § 2933.1.) The court imposed restitution fines of $560 pursuant to each of Penal Code sections 1202.4, subdivision (b) and 1202.45, an $80 court security fee per Penal Code section 1465.8, a $39 crime prevention fee per Penal Code section 1202.5, and a criminal conviction assessment of $60 per Government Code section 70373.

Defendant appealed. The trial court granted his request for a certificate of probable cause. (§ 1237.5.)

## FACTUAL BASIS FOR THE PLEA

In accepting defendant's pleas, it was stipulated by the parties that a factual basis for the plea could be found in "Sheriff's Department case No. 13-1073." That case

---

[1] Undesignated statutory references are to the Penal Code.

shows that on January 11, 2013, several persons took part in robbing, at gunpoint, Daniel Williams and Jeff Williams, medical marijuana growers in Shasta County, of their marijuana and other personal items. Defendant was identified by photographic lineup as one of the persons who personally used a gun in the robberies.

## DISCUSSION

Appointed counsel for defendant has filed an opening brief and declares that she has read the entire record on appeal and has written to defendant informing him of her intent to file a *Wende* brief. Counsel states she has sent defendant the record on appeal and a copy of the *Wende* brief, and informed him of his right to file a supplemental brief within 30 days. More than 30 days have elapsed and we have received no communication from defendant. Counsel requests that, pursuant to *Wende*, *supra*, 25 Cal.3d 436, we review the appellate record to determine if there are any arguable issues that might benefit defendant.

We have thoroughly reviewed the entire record on appeal and have found no arguable issues that might result in a more favorable disposition to defendant. We note the abstract of judgment omits reference to the $39 crime prevention fee orally imposed by the court. (§ 1202.5, subd. (a).) We will direct the trial court to prepare a corrected abstract of judgment to include this fee.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment that includes the imposed crime prevention fee of $39 (§ 1202.5, subd. (a)) and to send a certified copy

of the corrected abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.


                                                        _____BUTZ_____, J.


We concur:


_____RAYE_____, P. J.


_____DUARTE_____, J.

4